IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br><br><br>vs.<br><br><br>KENNETH BADBACK,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION AND STIPULATION TO CONTINUE TRIAL<br><br><br><br><br><br>Case No. 2:10-CR-552 TS |

Counsel for Defendant moves to continue the April 6, 2011, trial for six weeks because "additional time is required for investigation [and in order to] locate and interview a critical witness in this case who works and lives in the Four Corners area."[1] The government has stipulated to the continuance.

The Court finds that Counsel has not provided sufficient information for the Court to grant the requested continuance. The Tenth Circuit has explained:

> Our decisions . . . indicate that the record, which includes the oral and written statements of both the district court and the moving party, must contain an

---

[1]Docket No. 26, at 1.

explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time. *A record consisting of only short, conclusory statements lacking in detail is insufficient. . . . Simply identifying an event, and adding the conclusory statement that the event requires more time for counsel to prepare, is not enough.*[2]

In *United States v. Larson*,[3] the Tenth Circuit further explained what is insufficient for the Court to make the required ends-of-justice findings necessary to exclude time. In its decision, the Tenth Circuit required that a motion for continuance in criminal matters state "how much time . . . counsel need[s] to prepare for trial and what preparations [they have] already made."[4] Defendant's Motion does request six weeks time, but it does not state what trial preparations have already been made. Defendant's two-paragraph Motion only identifies an event and provides a conclusory statement that more time is needed. Such justification is not permissible grounds for a continuance under the Tenth Circuit standard. Counsel must provide sufficient information for the Court to "adequately determine whether denying the continuance would deprive defense counsel of the 'reasonable time necessary for effective preparation, taking into account *the exercise of due diligence.*'"[5] It is therefore

ORDERED that Defendant's Motion and Stipulation to Continue Trial (Docket No. 26) is DENIED WITHOUT PREJUDICE.

---

[2]*United States v. Toombs*, 574 F.3d 1262, 1271-72 (10th Cir. 2009) (emphasis added) (footnote and citations omitted).

[3]627 F.3d 1198 (10th Cir. 2010).

[4]*Id*. at 1207.

[5]*Id*. (quoting 18 U.S.C. § 3161(h)(7)(B)(iv)) (emphasis added in *Larson*).

DATED   April 7, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge